The People of the State of Illinois, Plaintiff-Appellee, v. William Ellzey, Defendant-Appellant.

Gen. No. 67–64.

Third Judicial District.

June 28, 1968.

Wayne P. Dyer, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for appellee.

SCHEINEMAN, J.

The defendant, William Ellzey, was convicted by a jury of aggravated assault, as defined in Ill Rev Stats, c 38, § 1264. He was sentenced to 2–5 years on the judgment. Defendant had pleaded not guilty to the offense charged in the indictment, and offered testimony of self-defense at the trial. Defendant appeals on the ground that the evidence failed to prove defendant guilty beyond a reasonable doubt.

On September 14, 1965, at approximately 9:30 p. m., the defendant accompanied a girl, Leona Staples, to the basement apartment of one Lawrence Winfield. The apartment was located in an alley in Kankakee, Illinois. The purpose of the visit was for Miss Staples to retrieve a sweater which she had left at the Winfield apartment. Miss Staples went to the door of the apartment, while defendant remained a few yards away, behind and south of Miss Staples, in the alley, which ran north and south. It is not disputed that defendant was armed with a thirty-caliber rifle. At the door Winfield told Miss Staples to come back to get her sweater the next day, because he was going to bed and had to work the next day. Following this exchange, Miss Staples turned and started to walk toward defendant. Defendant then shot Winfield in the thigh with the rifle. Explanations for the shooting were the principal issue at trial.

According to Winfield, Miss Staples turned around walked toward the defendant. He had noticed that the defendant had a long object by his side, and when Miss Staples began to walk toward the defendant, defendant brought up the object by his side. Winfield was turning to re-enter the apartment, with the screen door between him and the defendant, when he was shot. He had

shouted a warning to a Maurice Jackson who also lived in the apartment.

The defendant testified that when Winfield came to the door in response to Miss Staples' knock, he called in the house for a couple of friends to come out and jump defendant, that the defendant grabbed the girl's hand and ran down the alley, and that when he looked over his shoulder, he saw Winfield and Jackson chasing them. He saw Winfield reach in his pocket and thought he was reaching for a gun because he knew that Winfield had a pistol. Defendant then shot at Winfield, shooting low to avoid killing him. Defendant then went on running.

There is evidence regarding the path of the bullet through Winfield's leg, the inability of anyone to find the bullet, holes in the screen door, what was said inside the apartment, and Winfield's ownership of a pistol and where it was kept, as well as evidence of defendant's fear of Winfield and conversations between the two some time after the shooting. The interpretations which can be placed on the evidence are varied. Counsel for defendant argues eruditely that the interpretation which sustains the conviction contains too many patent improbabilities to meet the required burden of proof. However, the physician who treated Winfield's wound testified the path of the bullet was sidewise through the leg. This would indicate Winfield was not faced toward the defendant when he was shot.

In addition to the testimony of Winfield and his friend that Winfield was shot while at the door, a policeman, who arrived shortly after the shooting, testified he found Winfield lying on the floor just inside the door.

 Although the evidence is conflicting, there is evidence showing that defendant shot Winfield without a reasonable belief that he had to do so to prevent imminent death or great bodily harm. Ill Rev Stats, c 38, § 7–1. The mere existence of improbabilities or conflicts

in the evidence, does not, by itself, require reversal. People v. Glass, 85 Ill App2d 56, 229 NE2d 292. The resolution of the conflicts in the evidence, the improbabilities in the evidence in light of ordinary experience, and the credibility of the witnesses is the province of the trier of fact, and although some of the events may seem unlikely when reviewed in the written record, it cannot be said that the verdict here is so contrary to the weight of the evidence that reversal would be justified. People v. Crews, 38 Ill2d 331, 335, 231 NE2d 451, 453; People v. Peto, 38 Ill2d 45, 49, 230 NE2d 238; People v. Johnson, 87 Ill App2d 390, 396, 231 NE2d 647, 650.

Affirmed.

ALLOY and STOUDER, JJ., concur.